| ZACHARY FLESSNER | : NO. 2:20-CV-00874-JDC-KK (LEAD) |
| --- | --- |
| | NO. 2:19-CV-01478-JDC-KK (MEMBER) |
| VERSUS | : JUDGE JAMES D. CAIN, JR. |
| PROGRESSIVE SOUTHEASTERN INSURANCE CO., ET AL | : MAGISTRATE JUDGE KATHLEEN KAY |

\* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF MOTION TO VACATE CONSOLIDATION ORDER OR SEVER ACTIONS AND OPPOSITION TO MOTION TO CONSOLIDATE**

MAY IT PLEASE THE COURT:

**FACTS AND PROCEDURAL BACKGROUND**

On October 7, 2019, plaintiffs, Lauren Bertram, individually and on behalf of her minor children, Christopher Bertram, Julian Bertram, and Alexander Bertram [hereinafter "the Bertrams"], filed a wrongful death and survival action which arose out of a catastrophic trucking crash on July 16, 2019 and resulted in the death of their husband and father, Stephen Duane Bertram, against defendants, Justin Anthony Chong (the truck driver) [hereinafter "Mr. Chong"], Empire National Inc. (the motor carrier) [hereinafter "Empire"], and Progressive Southeastern Insurance Company (Empire's insurer) [hereinafter "Progressive"]. Mr. Chong struck another vehicle driven by Mr. Zachary Flessner, before hitting Mr. Bertram, on that same day. Mr. Flessner also filed a separate suit against Progressive, Empire, and Mr. Chong in this Court on July 10, 2020. [Doc 1; 2:20-cv-00874].

On November 25, 2020, the Bertrams filed a Second Amended and Restated Complaint against Mr. Chong, Empire and Progressive, but also named three new defendants, Mallory Alexander, Blue Grace Logistics, and Convermat Corporation, the shipper and brokers of the load that Mr. Chong was towing on the date of the crash. [Doc 44; 2:19-cv-1478]. The Bertram's causes

of action against these three new defendants arise out of their negligent selection and hiring of Mr. Chong, Empire National, and Blue Grace/Mallory Alexander.

On November 30, 2020, Mr. Flessner filed a Joint Motion to consolidate his case with the Bertram's case. [Doc 7; 2:20-cv-00874]. Prior to this filing, the Bertram's counsel expressly informed defendant Progressive and Empire's counsel that the Bertrams opposed consolidation. See Exhibit A. Defendants' counsel indicated that he would note the Bertram's objection in the Joint Motion to Consolidate. Despite counsel's assurances, the Bertram's objection was not included in the Motion. The Joint Motion only provides that the "Defendants" consented to the consolidation of the actions. The Bertrams understand "Defendants" as used in the Joint Motion only to include Progressive and Empire who are hereinafter referred to as the "Movants" for purposes of this motion and opposition along with Mr. Flessner.

Consolidation was ordered on December 2, 2020 without consideration of the Bertram's opposition to consolidation [Doc 8; 2:20-cv-00874]. On those grounds, the Bertram's now move to vacate the Court's order consolidating these actions and ask that the Court deny Mr. Flessner's Joint Motion to Consolidate.

## ARGUMENT

I.   *The Court Was Not Given the Option to Consider the Bertram's Objections to Consolidation*.

Local Rule 7.4.1 provides in pertinent part:

> All motions listed below, while not required to be accompanied by a memorandum, must state the grounds therefor and cite any applicable rule, statute, or other authority justifying the relief sought. No memorandum or hearing is required by either movant or respondent, unless otherwise directed by the court, with respect to the following motions: … **(9) joint motions to dismiss or consolidate**; and (10) to withdraw as counsel.
>
> **Prior to filing any motion under this section, with the exception of #10, the moving party shall attempt to obtain consent for the filing and granting of such**

> **motion from all parties having an interest to oppose, and a certificate of this attempt shall be included in the motion. If the court finds that opposing counsel does not have a good faith reason for failing to so consent, the court may impose such sanctions as it deems proper.**
>
> A proposed order shall accompany each motion filed under this paragraph.

(emphasis added). Movants have failed to comply with L.R. 7.4.1 in a critical way.

The Bertrams, as the original plaintiffs, are most certainly parties of interest in this suit. Movants failed to note the Bertram's objection to consolidation either in the Motion itself or in the certificate, which was not even included in the Motion. L.R. 7.4.1 contemplates that the moving party include any other party's consent to *or objection to* the motion the mover is planning to file: "If the court finds that opposing counsel does not have a good faith reason for failing to so consent, the court may impose such sanctions as it deems proper." This provision suggests that the court be notified of any objection so that it may analyze the party's reasons for objecting. Movants failed to do so here. As a result of Movants' omission, the Court was not even made aware that the Bertrams objected before it ordered consolidation on what it believed to be a consent motion. For this reason, the order should be vacated, and the Court given an opportunity consider the Bertram's opposition before ordering (or not ordering) consolidation.

## II. *Consolidation Is Improper.*

Federal Rule of Civil Procedure 42(a) allows a district court to consolidate matters:

> (a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.

A trial court has broad discretion in determining whether to consolidate a case pending before it. *Alley v. Chrysler Credit Corp.*, 767 F.2d 138, 140 (5th Cir. 1985) (citing *N.A.A.C.P. of La. v. Michot*, 480 F.2d 547, 548 (5th Cir. 1973)). The movant bears the burden "to show that the

consolidation should be ordered in the exercise of the court's discretion." *Invest-Imp. v. Seaboard Sur. Co*, 18 F.R.D. 499, 500 (S.D.N.Y. 1955). However, "the trial judge should be most cautious not to abuse his judicial discretion and to make sure that the rights of the parties are not prejudiced by the order of consolidation under the facts and circumstances of the particular case." *NUSSLI US, LLC v. NOLA Motorsports Host Committee, Inc.*, et al, 2016 WL 10654062, at *5 (E.D. La. 2016). Further, consolidation is not appropriate when the "issues individual to each case predominate." *Schiebner v. Armour Pharm. Co.*, 1999 WL 436595, at * 1 (E.D. La. 1999).

Prejudice to the Bertrams will likely result if these cases are consolidated. The Bertram's case is a death case which, by its nature, will require the proof of distinct facts and horrendous damages. The Bertrams devastating damages will vary significantly from Mr. Flessner's personal injury action. If these trials are consolidated, considerable time and energy by the jury will be devoted to ascertaining Mr. Flessner's damages for his significantly less severe personal injury action, potentially diverting the focus away from the Bertrams and their wrongful death and survival actions. The Bertrams should be entitled to a jury who may devote their sole attention and focus to the Bertrams and their case.

Moreover, the Bertrams have alleged totally separate causes of action for negligent selection, hiring, etc. against three additional defendants that Mr. Flessner has not named. These claims will involve a myriad of other types of evidence, witnesses, and depositions that will have nothing to do with Mr. Flessner's case and which will make the trial of this matter significantly longer and more complex even without the consolidation of a separate action with a different plaintiff (who is represented by different counsel). Ultimately, although some of the same causes of action are alleged, that fact does not outweigh the potential harm to the Bertrams due to jury confusion which may arise from these more complex causes of action.

By the same token, in light of these additional claims and defendants in the Bertram's case, Movants fail to show how consolidating these cases will result in judicial efficiency. Although the same conditions and events may have occurred which ultimately caused Mr. Chong to enter into Mr. Bertram and Mr. Flessner's lanes of travel, these were two separate crashes, two distinct vehicles, and different victims suffering different damages, with claims arising out of different causes action, for different negligent acts by different defendants. The <u>only</u> part of this case that would have to be repeated if these trials were held separately is the liability portion for Mr. Chong and Empire's negligence as it relates specifically to the maintenance of the tractor trailer, loading of the trailer, and Chong's possession and operation of the tractor trailer.

III. ***Conclusion***.

The Court's original judgment granting consolidation of these two actions should be vacated or the actions severed, as this Court was not allowed to consider the Bertram's objection and reasons for opposing consolidation of this case in violation of L.R. 7.4.1.

In the event the order is vacated, Movant's Motion for Consolidation should be denied. Movants have not met their burden to show that the consolidated cases would be more efficient, and certainly fail to show that any such efficiency outweighs the potential confusion and prejudice that would result from a consolidation. "When the limited potential efficiency of consolidation is weighed against this likelihood of prejudice alone, the scales tip decidedly in favor of separate trials." *Schiebner v. Armour Pharm. Co.*, 1999 WL 436595, at * 1 (E.D. La. 1999).

Although a small portion of Mr. Flessner and the Bertram's claims against Progressive, Empire and Mr. Chong relate to some of the same conditions or events (Mr. Chong's wrongful entry into Mr. Flessner's and Mr. Bertram's lanes of travel), the similarities between the actions end there. There is no evidence that consolidation of these actions will create any efficiencies.

Consolidation will only prejudice the Bertram's by lengthening trial which is already made more complex by the addition of three new parties (and presumably three new attorneys) and confuse the jury. The parties are different, counsel is different, the claims are different, the defenses will be different, and thus the evidence and witnesses will be different. Because of all these differences, the Plaintiffs' Motion to Consolidate Pursuant to Rule 42 should be denied.

BY THEIR ATTORNEYS:

 /s/  JERE JAY BICE
**JERE JAY BICE** (Bar Roll No. 18793)
**J. ROCK PALERMO III** (Bar Roll No. 21793)
**MICHAEL G. HODGKINS** (Bar Roll No. 20862)
**PEYTON F. PAWLICKI** (Bar Roll No. #37826)
Veron, Bice, Palermo & Wilson, LLC
721 Kirby Street
P.O. Box 2125
Lake Charles, LA 70602
Telephone: (337) 310-1600
Fax: (337) 310-1601