UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| ZACHARY FLESSNER | CIVIL ACTION NO.: 2:20-CV-00874 (LEAD) |
| | CIVIL ACTION NO.: 2:19-CV-01478 (MEMBER) |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| PROGRESSIVE SOUTHEASTERN INSURANCE COMPANY, EMPIRE NATIONAL, INC. AND | |
| JUSTIN ANTHONY CHONG | MAGISTRATE JUDGE KATHLEEN KAY |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**OPPOSITION TO MOTION TO VACATE ORDER CONSOLIDATING ACTIONS OR ALTERNATIVELY MOTION TO SEVER**

MAY IT PLEASE THE COURT:

Zachary Flessner ("Flessner") has moved to consolidate his claims against Progressive Southeastern Insurance Company ("Progressive") and Empire National, Inc. ("Empire") with Lauren Bertram, individually and on behalf of her minor children, Christopher Bertram, Julian Bertram and Alexander ("the Bertrams") against these same defendants. Progressive and Empire consent to and do not oppose the consolidation. The Bertrams do, however, oppose consolidation. Progressive and Empire submit this memorandum in support of the consolidation of claims and in opposition to the Bertrams' motion, because the benefits of consolidation outweigh any burdens.

Both Flessner and the Bertrams' claims arise from a single motor vehicle accident on October 7, 2019 when a vehicle driven by Justin Anthony Chong ("Chong") experienced a blow out of its front tire, causing Chong to lose control of his tractor trailer rig and collide with both Flessner and Stephen Bertram's vehicles. Progressive insured the Chong/Empire tractor trailer rig with a policy providing $1 million combined single limits. Accordingly, both Flessner and the

Bertrams seek compensation for the damages they attribute to the accident from a single limit policy.

Chong has not been served in either suit. Limited discovery has taken place in either suit. Although the Bertrams recently amended their complaint to add additional defendants, it is anticipated that Flessner will follow suit.

On November 11, 2020, Flessner's counsel contacted Progressive and Empire's counsel regarding consolidation. As can be seen from the attached e-mail exchange, consent was given.[1] When Flessner's motion to consolidate was not forthcoming, the undersigned counsel initiated steps to consolidate the two claims by contacting the Bertrams' counsel. A copy of the email exchange was attached to the Bertrams' motion to vacate order consolidating actions or alternatively to server. However, before the undersigned counsel took any further steps in preparing a motion to consolidate, Flessner filed his motion without affording the undersigned counsel an opportunity to review it. Accordingly, and contrary to the Bertrams' motion, the undersigned counsel has never had the opportunity to inform the court of the Bertrams' objection to any motion to consolidate.

## ARGUMENT

When two or more cases are pending before the same court, and the benefits of consolidation outweigh the burdens, the two actions should be consolidated.[2] This is particularly true when the cases involve common questions of law and fact.[3] In weighing the benefits versus

---

[1] Exhibit "1"

[2] *Takeda v. Turbodyne Techs*, 67 F. Supp. 2d 1129, 1133 (C.D. Cal. 1999)

[3] FRCP 42 (a) (2); *Cantrell v. GAF Corp.*, 999 F. 2d 1007, 1010-11 (6th Cir. 1993); *Frazier v. Garrison Isd.*, 980 F. 2d 1514, 1531 (5th Cir. 1993)

{L0591454.1}

the burdens, the court should consider saving time and the efforts against inconvenience, delay or expense.[4]

Other factors to be considered are whether there is a risk of prejudice or possible confusion that can not be reduced by the use of cautionary jury instructions and verdict sheets outlining the claims of each plaintiff,[5] whether the consolidation will burden the parties or witnesses, consolidation will conserve judicial resources, consolidation will resolve the cases in less time than if tried separately, and consolidation will be less expenses than trying the cases separately.[6]

In this instance, both Flessner and the Bertrams' claims arise from a single accident involving a single set of facts that will involve substantially the same witnesses. Furthermore, trying the cases together will conserve judicial resources and will resolve both cases in less time and less expensively than if they are tried separately. Most importantly, trying the cases separately risks prejudicing one party or the other with the exhaustion of Progressive's policy limits before the other case can be tried.

## CONCLUSION

Considering the benefits of consolidation against the burdens, Progressive and Empire submit the facts compel this court to consolidate the two claims.

---

[4] *Single Chip v. Intermec Ip Corp.*, 495 F. Supp. 2d 1052, 1057 (S.D. Cal. 2007)

[5] *Johnson v. Celotex Corp.*, 899 F. 3d 1281, 1285 (2nd Cir. 1990)

[6] *Cantrell, supra.*, 999 F. 2d at 1011

Respectfully submitted,


/s/ Ian A. Macdonald
IAN A. MACDONALD (#17664)
JONES WALKER LLP
600 Jefferson Street, Suite 1600
Lafayette, Louisiana 70501
Telephone (337) 593-7600
Facsimile (337) 593-7601
Email: imacdonald@joneswalker.com

Attorneys for Progressive Southeastern Insurance Company and Empire National, Inc.

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 22, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

      /s/ Ian A. Macdonald